UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                        Plaintiff,

        - against -

NEW YORK METROPOLITAN TRANSPORTATION
AUTHORITY, et ano,

                        Defendants.

- - - - - - - - - - - - - - - - - - - -X

ORDER

CV 2004-4237 (SLT)(MDG)

     Plaintiff United States of America brings this Title VII action against defendants New York Metropolitan Transportation Authority (the "NYMTA") and New York City Transit Authority (the "NYCTA") (collectively the "defendants") alleging that the defendants discriminated against certain of its employees because of their religion and failed to accommodate their religious beliefs in wearing religious head coverings. The NYCTA moves to compel plaintiff to answer certain interrogatories.

     For the reasons set forth below, defendant NYCTA's motion to compel is denied.

## BACKGROUND

     On September 28, 2005, the NYCTA served plaintiff with interrogatories asking the United States to identify the job titles of its civilian employees who normally wear uniforms that include headwear with a logo or badge affixed and to describe how the United States, as an employer, accommodates those employees who wish to wear religious headwear without any logo or badge. See Letter to Court from Richard Schoolman dated November 3, 2005,

Exh. A ("11/3/05 Ltr.") (ct. doc. 41).[1]  The September 28 interrogatories and an October 4, 2004 supplemental interrogatory also inquired about a United States Department of Transportation directive barring Sikh male commercial airline passengers from wearing a ceremonial sword, known as a "kirpan," on flights.  See 11/3/05 Ltr., Exhs. A, B.  On October 19, 2005, the United States objected to these interrogatories on relevance as well as other grounds.  See id., Exhs. C, D.

## **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.  In re Subpoena Issued to Dennis Friedman, Esq., 350 F.3d 65, 69 (2d Cir. 2003); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Fed. R. Civ. P. 26(b)(1).

The NYCTA argues that the discovery sought regarding federal uniformed civilian employees is relevant for two reasons.  First, the NYCTA contends that information regarding how the United States, as an employer, regulates religious headgear worn by its employees is relevant to whether the NYCTA has offered a reasonable accommodation to its employees.  However, as the NYCTA noted in its motion, see 11/3/05 Ltr. at 2 n.2, the

---

[1] In its letter motion, the NYCTA has limited this aspect of its motion to compel to executive branch employees.  See id. at 1 n.1.

"reasonableness" of a particular accommodation depends on the specific facts and circumstances of the case. See Beadle v. Hillsborough County Sheriff's Department, 29 F.3d 589, 592 (11th Cir. 1994) (definitions of "reasonable accommodation" and "undue hardship" "must be determined on a case by case basis"); Kalsi v. New York City Transit Authority, 62 F. Supp.2d 745, 757 (E.D.N.Y. 1998) ("whether accommodation of an employee's religious practice would cause an employer undue hardship must be determined based on the particular factual context of each case"), aff'd, 189 F.3d 461 (2d Cir. 1999); Gordon v. MCI Telecomm. Corp., 791 F. Supp. 431, 436 (S.D.N.Y. 1992) (same). The religious accommodations offered by other employers, particularly ones not involved in providing mass transportation, is not relevant to determining whether the NYCTA reasonably accommodated its employees. The NYCTA fails to point to any factual similarities in the circumstances of employment between it and any federal agency.

Second, the NYCTA argues that the information is relevant to plaintiff's request for equitable relief because evidence that the NYCTA has made more of an effort than the United States to accommodate its employees' religious beliefs may support a defense of unclean hands or judicial estoppel. However, as plaintiff points out, the NYCTA has waived those affirmative defenses by failing to plead either affirmative defense in its Answer. See United States v. C.I.T. Constr. Inc. of Tex., 944 F.2d 253, 258-59 (5th Cir. 1991) (judicial estoppel); Burns v. Imagine Films Ent'mt, 165 F.R.D. 381, 393 (W.D.N.Y. 1996) (unclean hands). In any event, when the government acts, as here, in the public

interest, it cannot be subject to the unclean hands defense. See EEOC v. Recruit U.S.A., Inc., 939 F.2d 746, 752 (9th Cir. 1991) (declining to apply unclean hands defense to EEOC because agency's enforcement of Title VII "effectuated a compelling governmental and public interest"); United States v. Philip Morris Inc., 300 F. Supp.2d 61, 75 (D.D.C. 2004); United States v. American Electric Power Service Corp., 218 F. Supp.2d 931, 938 (S.D. Ohio 2002); SEC v. Rivlin, No. 99-1455, 1999 WL 1455758, at *5 (D.D.C. Dec. 20, 1999).

As to the NYCTA's potential judicial estoppel defense, that defense would not apply in this context. The judicial estoppel doctrine may apply where the party against whom estoppel is asserted argued an inconsistent position in a prior proceeding. See Bates v. Long Island R.R. Co., 997 F.2d 1028, 1037-38 (2d Cir. 1993); Young v. United States Dep't of Justice, 882 F.2d 633, 639 (2d Cir. 1989). The doctrine "is supposed to protect judicial integrity by preventing litigants from playing 'fast and loose' with courts, thereby avoiding unfair results and 'unseemliness.'" Young, 882 F.2d at 639 (quoting Long Island Lighting Co. v. Transamerica Delaval, Inc., 646 F. Supp. 1442, 1447 (S.D.N.Y. 1986)). Accordingly, the Second Circuit requires some evidence that the party against whom judicial estoppel is invoked intended to mislead or deceive the court. See id. at 639-40.

Here, the NYCTA does not even suggest that the government intended to mislead the courts in this litigation or any other litigation involving the accommodation of religious beliefs. Moreover, for judicial estoppel to apply, "there must be a true

inconsistency between the statements in the two proceedings." Simon v. Safelite Glass Co., 128 F.3d 68, 72-73 (2d Cir. 1997). "If the statements can be reconciled there is no occasion to apply an estoppel." Id. at 73. Because the "reasonableness" of a particular accommodation must be determined on a case by case basis, the government's position on the religious accommodations offered to its employees has no bearing on the government's position in this case. Thus, there could not be a "true inconsistency" in the government's position in this case and its position in another case dealing with entirely different factual circumstances.

Therefore, the discovery sought would not be relevant to any viable defense.

Defendant contends that it is entitled to discovery regarding any modifications to a United States Department of Transportation policy that prohibits Sikh men from wearing "kirpans" on commercial airline flights. Defendant argues that the policy is relevant because it amounts to "a kind of dress code for Sikh men without providing . . . an accommodation for them." See 11/3/05 Ltr. at 3. However, there is no logical connection between the Transportation Department's policy against prohibiting weapons on commercial airline flights and the alleged employment policies at issue here. Airline passengers, unlike employees, are not protected by Title VII. The weapons ban on commercial flights, which may affect the religious accoutrements worn by Sikh airline passengers, stem from security and other concerns different from the ones underlying the NYCTA uniform policies challenged in this

case. Thus, the information sought concerning the Department of Transportation policy is not relevant to the question whether the NYCTA reasonably accommodated the religious practices of Sikh and Muslim employees.

## **CONCLUSION**

For the foregoing reasons, the NYCTA's motion to compel is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
           January 12, 2006

                                      /s/
                                  MARILYN D. GO
                                  UNITED STATES MAGISTRATE JUDGE