```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

                    Plaintiff,
                                         ORDER
        - against -
                                         CV 2004-4237 (SLT)(MDG)
NEW YORK METROPOLITAN TRANSPORTATION
AUTHORITY, et ano,

                    Defendants.
- - - - - - - - - - - - - - - - - - - X
This document relates to:

    SMALL v. NEW YORK CITY TRANSIT        CV 2003-2139 (SLT)(MDG)
    AUTHORITY,

- - - - - - - - - - - - - - - - - - - X
```

Plaintiffs Deirdre Small and Malikah Alkebulan bring this consolidated Title VII action against defendant New York City Transit Authority (the "NYCTA") alleging that the NYCTA discriminated against them because of their religion and failed to accommodate their religious beliefs in wearing religious head coverings. The NYCTA moves to compel plaintiffs to answer certain interrogatories. Plaintiffs have not responded.

For the reasons set forth below, defendant's motion to compel is granted.

## BACKGROUND

On July 12, 2005, defendant served plaintiffs with interrogatories asking whether plaintiffs had consulted with any religious scholar or religious advisor regarding the wearing of religious head coverings at work and, if so, what advice they were

given.  See Letter to Court from Victor Levy dated November 14, 2005, Exhs. 1, 2 ("11/14/05 Ltr.") (ct. doc. 79).  On October 12, 2005, each plaintiff objected to the interrogatories on relevance and privilege grounds.  See id., Exhs. 4, 5.  On November 15, 2005, defendant filed the instant motion to compel which is uncontested.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.  In re Subpoena Issued to Dennis Friedman, Esq., 350 F.3d 65, 69 (2d Cir. 2003); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Fed. R. Civ. P. 26(b)(1).

In establishing a prima facie case of religious discrimination under Title VII, a plaintiff must demonstrate that "he or she has a bona fide religious belief that conflicts with an employment requirement."  Philbrook v. Ansonia Bd. of Educ., 757 F.2d 476, 481 (2d Cir. 1985); see Hussein v. The Waldorf-Astoria, 134 F. Supp.2d 591, 596 (S.D.N.Y. 2001), aff'd, 31 Fed. Appx. 740 (2d Cir. 2002).  Although the "'truth' of a belief is not open to question, there remains the significant question of whether it is 'truly held.'"  United States v. Seeger, 380 U.S. 163, 185 (1965) (reviewing conscientious objector statute); Philbrook, 757 F.2d at 481 ("it is entirely appropriate, indeed necessary, for a court to

engage in analysis of the sincerity--as opposed, of course, to the verity--of someone's religious beliefs"). The inquiry consists of two parts: "whether the beliefs professed by a [claimant] are sincerely held and whether they are, in his own scheme of things, religious." Eatman v. UPS, 194 F. Supp.2d 256, 268 (S.D.N.Y. 2002) (quoting Patrick v. LeFevre, 745 F.2d 153, 157 (2d Cir. 1984)). The sincerity of a plaintiff's belief is crucial because otherwise "there has been no showing of a religious observance or practice that conflicts with an employment requirement." EEOC v. Ilona of Hungary, Inc., 108 F.3d 1569, 1575 (7th Cir. 1997).

Since the sincerity of the plaintiffs' religious beliefs is fundamental to establishing a prima facie case under Title VII, the interrogatories at issue are clearly relevant. The NYCTA is entitled to discover the basis for plaintiffs' alleged bona fide religious beliefs to test their sincerity. Although defendants cannot challenge the objective "truth" of those beliefs, the discovery as to whether plaintiffs sought advice from religious advisers may be relevant to the sincerity of their beliefs.

Plaintiffs also objected to the interrogatories on the grounds of privilege and attorney work-product. See 11/14/05 Ltr., Exhs. 4, 5. The burden of establishing the applicability of a privilege rests with the party asserting it. See United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473-74 (2d Cir. 1996) (rejecting attorney-client and work-product privilege claims where party failed to establish the essential elements). However, plaintiffs failed to even identify the nature of the privilege that is being claimed as required by Local Civil Rule

26.2. The statements sought are not likely to be protected by the attorney-client privilege since they are neither by counsel nor by the client to seek legal advice.

Likewise, there is no basis for a claim of work-product. The work-product doctrine protects the role of an attorney in the adversarial process by creating "a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1195-96 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)). The advice given by religious advisers to plaintiffs regarding religious practices presumably would not reveal the thought processes of counsel or trial strategies here, even if counsel were present during the consultation. Even if the answers did implicate attorney work-product, the answers still would have bearing on the bona fide basis of plaintiffs' beliefs, which plaintiffs have put "at issue" in this case. See John Doe Co. v. United States, 350 F.3d 299, 302 (2d Cir. 2003) (recognizing "at issue" waiver of work-product privilege where party has "placed a contention at issue") (citations omitted).

## **CONCLUSION**

For the foregoing reasons, defendant's motion to compel is granted.

**SO ORDERED.**

Dated: Brooklyn, New York
January 12, 2006

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE