UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

                Plaintiff,

    - against -

                                  ORDER

NEW YORK CITY TRANSIT AUTHORITY, et
ano,                                   CV 2004-4237 (SLT)(MDG)

                Defendants.
- - - - - - - - - - - - - - - - - - - -X

This Order pertains to:

                                    CV 2003-2139 (SLT)(MDG)

SMALL v. NEW YORK CITY TRANSIT
AUTHORITY
- - - - - - - - - - - - - - - - - - - -X

    This order addresses the request of plaintiffs' counsel in Small v. New York City Transit Authority for reconsideration (ct. doc. 121(S))[1] of that part of an order filed on April 19, 2006 imposing a sanction of $250 (the "Prior Order").

    Local Civil Rule 6.3 permits motions for reconsideration of "matters or controlling decisions which counsel believes the court has overlooked." Id.; see also Shrader v. CSX Transp., Inxc., 70 F.3d 255, 257 (2d Cir. 1995). Alternatively, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). Local Civil Rule 6.3

---

    [1] All references to electronically filed documents in the lead consolidated action (CV 04-4237) are denoted by "ct. doc." followed by the document numbers. Numbers for documents filed in the Small action (CV 03-2139) are followed by "(S)." The parties are reminded that all documents must be filed in the lead case and the entry spread to any other action involved.

should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court. Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

Plaintiffs' counsel has failed to satisfy the requirements of Local Civil Rule 6.3. He now provides an explanation for the change in his interrogatory answer; this is a matter that had never been presented before and does not qualify as an issue overlooked by the Court. In any event, as noted in the Prior Order, "[a]t the very least, plaintiffs caused defendants to expend unnecessary effort in responding to plaintiffs' initial objections to Interrogatory 4 and then to plaintiffs' about-face in later submissions." Id. at 5. This Court also found that plaintiffs did not proceed in good faith in discovery because they interposed objections to Interrogatory 4 in their belated response, notwithstanding the clear directive to answer in an order dated January 12, 2005. Ct. doc. 61. Nothing in plaintiffs' application provides a basis for changing either of these findings.

CONCLUSION

For the foregoing reasons, the motion for reconsideration is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 9, 2006

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE