UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                      Plaintiff,                  **MEMORANDUM AND ORDER**

        -against-                           04-CV-4237 (SLT) (MDG)

NEW YORK CITY TRANSIT AUTHORITY,

                      Defendant.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

        The United States Department of Justice brings this action on behalf of the United States pursuant to section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6, alleging that the New York City Transit Authority ("the TA") pursued and is pursuing policies or practices that discriminate against employees whose religious beliefs require them to wear certain headwear, such as turbans and khimars, unsullied by any logos. In a Memorandum and Order, dated September 24, 2010, and filed September 28, 2010 (the "Prior Order"), this Court denied the TA's motion for summary judgment. *See United States v. New York City Transit Auth.*, No. 04-CV-4237, 2010 WL 3855191 (E.D.N.Y. Sept. 28, 2010). The TA now moves for reconsideration or reargument of the Prior Order "pursuant to Rule 6.3 of the Court's Local Civil Rules," asserting that "in various respects the Court overlooked material facts or law central to the outcome of the motion." Notice of Defendant's Motion for Reconsideration or Reargument at 1. For the reasons set forth below, the TA's motion is denied.

*Standard for Reconsideration*

        The standard for granting a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked –

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Although the TA's motion for reconsideration purports to identify controlling decisions or evidence that the Court overlooked in its Prior Order, it either seeks to relitigate issues already decided or misconstrues portions of the Prior Order. First, the TA asserts that this Court overlooked the undisputed fact that the "Ten Employees" were never disciplined for violations of the headwear rules, while employees wearing secular headwear were.[1] *See* Defendant's Memorandum in Support if its Motion for Reconsideration ("Defendant's Memo") at 1-3. This Court did not overlook this fact, but expressly rejected the very argument that the TA now reiterates, stating:

> [T]his Court finds no merit in Defendants' argument that this action must be dismissed because plaintiff has not proved that any of the Ten Employees have ever been disciplined. Plaintiff can prove a prima facie case by showing that the TA's headwear policies, which are set forth in painstaking detail in bulletins issued by various TA officials, discriminate on the basis of religion. In a typical Title VII pattern-and-practice suit, the question of individual relief does not arise until it has been proved that the employer has followed an employment policy of unlawful discrimination. Accordingly, the facts relating to the Ten Employees will only become an issue when, and if, the government seeks individual relief for the victims of the allegedly discriminatory policies.

Prior Order at 30; 2010 WL 3855191, at *17 (internal quotations and citations omitted).

Second, the TA asserts – based solely on the fact that the Prior Order cited to *Wernick v. Fed. Reserve Bank*, 91 F.3d 379, 385 (2d Cir. 1996), and *Borkowski v. Valley Cent. School Dist.*,

---

[1] The "Ten Employees" are the employees named in the pleadings in this action plus the "Five Station Agent" plaintiffs in *Singh v. New York City Transit Auth.*, Docket No. 05-CV-5477 (SLT).

2

63 F.3d 131, 138 (2d Cir. 1995) – that the Prior Order "seems to accept the standards for 'reasonable accommodation' developed for the Americans with Disabilities Act . . . and the Rehabilitation Act as applicable to this Title VII religious discrimination case . . . ." Defendant's Memo at 4. This Court did cite to *Wernick* and *Borkowski*, but only for the uncontroversial proposition that questions of reasonableness are fact-specific determinations which must be made on a case-by-case basis and are best left to the finder of fact. *See* Prior Opinion at 30-31; 2010 WL 3855191, at *17. In discussing the "reasonable accommodation" standard, the Court both cited to, and quoted from, *Baker v. Home Depot*, 445 F.3d 541, 548 (2d Cir. 2006)) – a leading Title VII case on which the TA itself relies. *See* Prior Opinion at 30-31; 2010 WL 3855191, at *17; *see also* Defendant's Memo at 6.

Third, the TA argues that in declining to find as a matter of law that the TA's counsel's offer of assistance to the Five Station Agents was an accommodation, this Court "appears to assume that the circumstances surrounding the TA's failure to offer a specific . . . job created a triable issue." Defendant's Memo at 7. However, this Court's decision was not based on the TA's failure to offer the station agents specific jobs, but rather on the vague nature of the offered accommodation. The Court noted that, unlike in *Bruff v. North Miss. Health Servs., Inc.*, 244 F.3d 495 (5th Cir. 2001), a case on which defendants principally relied, "the TA's counsel did not expressly offer the assistance of a human resources professional, but merely stated, 'we could discuss . . . other positions and how they could be applied for.'" Prior Order at 34; 2010 WL 3855191, at *19. The Court concluded:

> A reasonable juror could, like plaintiff's counsel herein, reasonably interpret this statement as "a suggestion . . . that the Sikh station agents give up their jobs altogether and 'apply' through the regular civil service process for other jobs within the TA that did not require uniforms." Plaintiff's Memo at 38. Interpreted in that way,

3

>           the TA's counsel offer would be tantamount to no accommodation
>           at all.

*Id.*

The TA's final argument also misconstrues the Prior Order, asserting that this Court implied that it could review the wisdom of an employer's business judgment on all issues other than safety. In fact, this Court did nothing more than distinguish *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126 (1st Cir. 2004), and those cases cited by the defendants in urging this Court to grant summary judgment because no accommodation could be granted in this case without undue hardship. The cases cited by the defendants were cases in which the accommodation urged by the plaintiff posed obvious hardships on the employer. In contrast, there was no proof that the subtle change in the placement of the TA logo proposed by plaintiffs would vitiate legitimate business or safety concerns. *See* Prior Order at 38, 2010 WL 3855191, at *22.

## *CONCLUSION*

For the reasons set forth above, defendant New York City Transit Authority's motion for reconsideration or reargument of this Court's September 24, 2010, Memorandum and Order denying summary judgment is denied.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: September 30, 2011
       Brooklyn, New York